## FRY, Appellant, v. PIERSOL et al.

### Division One, January 13, 1902.

1. **Duress**: MORTGAGE: HONEST DEBT.  Where the applicant for a temporary injunction to enjoin a sale of land on the ground that the deed of trust was executed under duress, shows by his petition that he owes the debt secured thereby, he is not entitled thereto on a mere allegation that he gave the deed of trust because of a threat by the beneficiary that he would prosecute him for a crime if he did not. The petition should show a willingness to bear the honest obligation.

2. ———: ———: BURDEN.  The burden is on the plaintiff in a suit to enjoin the foreclosure of a deed of trust on the ground that he executed it to escape criminal prosecution, to show that fact by the preponderance of the evidence.  And in this case it is held that there was no such showing.

Appeal from Morgan Circuit Court.—*Hon. D. W. Shackleford,* Judge.

AFFIRMED.

*Wm. Forman* for appellant.

Under the rule announced and adopted by this court in Bell v. Campbell, 123 Mo. 1, the threats of Piersol to prosecute plaintiff constituted duress. Earl v. Norfolk, etc., Co., 36 N. J. Eq. 192. The plaintiff, being influenced by the threats of Piersol, is entitled to have the deed of trust cancelled for duress. Hensinger v. Dyer, 147 Mo. 219; Fout v. Geraldin, 64 Mo. App. 165; Turley v. Edwards, 18 Mo. App. 676. The following cases are not only directly in point, but, taken together, are an exhaustive and able exposition of the case at law of duress, as announced in modern decisions both in this country and England: Hensinger v. Dyer, supra; Bell v. Campbell, 123 Mo. 1; Morse v. Woodworth, 155 Mass. 233; Ins. Co. v. Kirkpatrick, 20 So. Rep. 651; Ins. Co. v. Hull (Ohio), 25 L. R. A. 37; Jordan v. Elliott (Penn.), 15 Dent. L. J. 232; Adams v. Bank, 116 N. Y. 606; Sharon v. Gager, 46 Conn. 189; Benedict v. Roome, 106 Mich. 378; Giddings v. Bank, 74 N. W. 21. The threat of a criminal prosecution, used to compel the giving of a promissory note, may constitute duress, although the amount for which the note is given is actually due to the payee from the maker. Morse v. Woodworth, supra; Taylor v. Jaques, 106 Mass. 291; Hargreaves v. Koreck, 62 N. W. 1086; Benedict v. Roome, supra. It is immaterial whether an offense was actually committed or not by Fry, or the threat was of lawful or unlawful imprisonment. Hensinger v. Dyer, supra; Bindorff v. Kaufman, 41 Neb. 824; Heaton v. Bank, 47 Pac. Rep. 576; Ins. Co. v. Kirkpatrick, 20 So. Rep. 651; Giddings v. Bank, 74 N. W. 21; Morse v. Woodworth, 155 Mass. 251; Benedict v. Roome, 106 Mich. 378; Hargreaves v. Koreck, supra; Ins. Co. v. Hull, 25 L. R. A. 37. The plaintiff was not guilty of laches in not moving earlier to cancel the deed. There can be no ratification by payment of interest or part of the debt. McCormick, etc., Co. v. Miller, 74 N. W. 1061; Bell v. Campbell, supra; Buck v. Bank, 27 Mich. 293; Bindorff v. Kaufman, 41 Neb. 824. An agreement either expressed or implied, to abstain from a

prosecution, or to dismiss a prosecution already begun, taints the whole transaction and avoids the contract. "You shall not stipulate for iniquity." Brick Co. v. Cook, 44 Mo. 29; Summer v. Summer, 54 Mo. 340; Taylor v. Jaques, supra; McCormick, etc., Co. v. Miller, supra. Piersol having threatened to prosecute, and after having obtained the security, then abandoned his purpose to prosecute, he is presumed to have used the threat for the sole purpose of obtaining the deed, and not with a view of aiding in the administration of public justice. A contract obtained by such methods is denounced as being against public policy. Snyder v. Willey, 33 Mich. 483; Buck v. Bank, supra; Ins. Co. v. Hull, supra; Heaton v. Bank, supra; Morse v. Woodworth, supra; Bryant v. Peck & Whipple Co., 154 Mass. 460; Sharon v. Gager, supra.

*J. H. Whitecotton* and *Samuel Daniels* for respondents.

(1) The evidence to establish duress or undue influence in procuring the execution of the deed of trust by Fry and wife, must be so strong, clear and convincing as to leave no ground for reasonable doubt in the mind of the chancellor. Forrest v. Scoville, 51 Mo. 268; Atkisson v. Henry, 80 Mo. 157; Jackson v. Wood, 88 Mo. 78; Bell v. Campbell, 123 Mo. 1. (2) The certificate of acknowledgment of the officer to the deed of trust makes out a prima facie case that the execution was a voluntary act. Mannell v. Kem, 57 Mo. 478; Clark v. Edwards, 75 Mo. 87; Webb v. Webb, 87 Mo. 540; Bennet v. Davis, 104 Mo. 555; Rust v. Goff, 94 Mo. 511. (3) This is not a case where the plaintiff is ignorant, weak-minded and feeble with old age; nor is it a case of undue importunity, suddenness or surprise, and no chance to consult with counsel such as the case of Bell v. Campbell, 123 Mo. 1, and Turley v. Edwards, 18 Mo. App. 676; but the plaintiff executed the deed of trust sought to be cancelled, annulled and set aside to secure the note of $1,600 to McNutt under circumstances that are so

entirely different that none of the elements that go to consti-
tute duress, as laid down in Hensinger v. Dyer, appear in this
case.    The evidence is totally wanting to bring this case within
the rule laid down in Bell v. Campbell, 123 Mo. 1.    (4)    The
appellant's acquiescence in the execution of the deed of trust
for three years, his failure to complain and the payment made
by him of $100 on the note of $1,600 secured by the deed of
trust, after the land had been advertised for sale under the
deed of trust in the latter part of 1895 or '96 for the purpose
of having the foreclosure proceedings stopped, is a complete
refutation against his present contention of duress.    It was a
ratification of the execution of the deed of trust, and he will
not be heard now to complain.    He is estopped by his own
act.    Hensinger v. Dyer, 147 Mo. 228; Murdock v. Lewis, 26
Mo. App. 234.

VALLIANT, J.—This is a suit in equity to enjoin a sale
of land under a deed of trust on the ground that the deed was
executed under duress.

The substantial averments of the petition are to the ef-
fect that in February, 1893, the plaintiff executed two notes
to defendant Piersol, one for $600, and the other for $1,600,
due, respectively, August 1, 1893, and July 1, 1894, and at
the same time executed a chattel mortgage on certain cattle
on his farm in Morgan county to secure the same; that the
understanding between the parties was that when the plaintiff
paid the $600 note, the principal part of the cattle should be
released from the mortgage and the plaintiff be free to sell
the same, but by mistake or fraudulent design of defendant
Piersol, the stipulation in the mortgage provided for the re-
lease of a small part of the mortgaged property, the plaintiff
being unable to read and not knowing that the mortgage was
so written; that plaintiff paid the $600 note when it came due
and after that sold nearly all the mortgaged cattle; that in Feb-
ruary, 1895, defendant Piersol told the plaintiff that he had

committed a criminal act in selling the cattle and that unless he gave him a deed of trust on the land in question he would prosecute him and send him to the penitentiary; that plaintiff, though knowing that he was not guilty of the crime charged, was intimidated by the threat of defendant and executed the deed of trust in question, which is a second mortgage on the land; that at the date of filing this suit the trustee named in the deed had advertised the land for sale under the deed of trust, the sale to occur March 7, 1898; that defendant was insolvent and plaintiff was without remedy at law, and therefore prayed an injunction to prevent a sale of the land according to the terms of the deed.    On the filing of the petition, a temporary injunction issued by order of the judge in vacation. Defendants answered denying the allegations of fraud and duress, and filed a motion to dissolve the injunction.    The motion came on for hearing at the April term, 1898, upon the pleadings and evidence adduced, and after due deliberation the court sustained the motion and the injunction was dissolved. The plaintiff appeals from that judgment.

I.    The plaintiff was not entitled to a temporary injunction on the face of his petition.    The petition shows that the plaintiff owes the debt to secure which the deed of trust was given, yet makes no offer to pay it, and shows no reason or excuse for not doing so.    He asks a court of equity to relieve him from what he claims to be an unlawful burden, but shows no disposition to do what right and equity require that he should do.    Bell v. Campbell, 123 Mo. 1; and Hensinger v. Dyer, 147 Mo. 219, are no authority for the proposition that a court of equity will aid a man under such circumstances to avoid the payment of an honest debt.    This court has never so held, nor do any of the authorities, in the long list cited in the brief of the learned counsel for appellant, give countenance to such doctrine.    Those authorities hold in the main that a plea of duress under the circumstances set out in the petition is a good

Vol 166 mo—28

defense in a suit at law on such an obligation, and that where a wife or relative, who is not the debtor, is induced by such threats to mortgage her property to save her husband or relation from criminal prosecution, equity will interfere, and of course, also, if a man is forced to execute a note or mortgage for a pretended debt he does not owe, equity will come to his relief. But the plaintiff's petition does not bring his case in either of those categories.

II. Upon the trial, the plaintiff's proof failed to sustain any of the disputed allegations of his petition.

The statement that the chattel mortgage was given to secure the payment of two notes, $600 and $1,600, with the understanding that when less than one-third of the debt was paid the mortgage as to more than one-half the property was to be released, was the statement of a very unusual transaction from a business standpoint, and would require strong proof to sustain it.

The burden was also on the plaintiff to show by a preponderance of evidence that he executed the deed of trust to escape criminal prosecution. On the witness stand he testified that he could not read, but it was clear from his testimony that he was a man of intelligence and shrewd in business affairs. The transaction in evidence showed that he knew what he was about, and was perfectly able to take care of himself. Whilst he testified that he was threatened with prosecution, no one else so testified, and his testimony on that point was borne down by that on the part of defendants. He testified, and so did the justice of the peace who took the acknowledgment, that when the deed of trust was executed it was not read over to him and his wife, but he also testified that he knew what the deed contained.

It also appeared from the evidence that in 1895 or 1896, the debt being due and the conditions of the deed being broken on the plaintiff's part, the trustee advertised the property for sale under the terms of the deed and that then the

plaintiff asked further indulgence, and in order to obtain it made a payment to defendants of $100 on the note and paid the costs of advertising and the sale was stopped.   Nothing more was paid, but the defendants waited until February, 1898, and again advertised the property for sale when the proceedings were arrested by the injunction in this suit.

The testimony fully justified the chancellor in finding the issues for the defendants and dissolving the injunction. The judgment is therefore affirmed.   All concur.